MUNCHOFF *v.* FORD ET AL.

[No. 2,075.   Filed February 25, 1897.]

CONTRACTS.—*Between Employer and Employe.—Construction—* A contract of employment, whereby the defendants agreed to pay plaintiff $25.00 per month for a period of three months, "as it would take plaintiff that long to learn the business of defendants ; that after said time defendants could afford to pay plaintiff more," in the absence of a new contract did not entitle plaintiff to wages in excess of $25.00 per month for the time he remained in defendants' employment after the expiration of the three months.

From the Posey Circuit Court.   *Affirmed.*

*F. P. Leonard*, for appellant.

*G. V. Menzies*, for appellees.

HENLEY, J.—Appellant was the plaintiff below. The complaint was in one paragraph.   The court sustained a demurrer thereto and appellant refusing to plead further, judgment was rendered against him. The only error assigned in this court is the overruling of the demurrer to appellant's complaint.

The complaint avers, in substance, that on the 1st day of October, 1886, appellees were partners and were engaged in the business of cutting and selling lumber and staves at Mt. Vernon, Indiana; that appellees employed appellant on October 1, 1886, to work for them generally, in and about their said business; that appellees agreed to pay appellant the sum of $25.00 per month from said 1st day of October, 1886, to the 1st day of January, 1887, "as it would take him, plaintiff (appellant), that long to learn the business of defendants (appellees); that after said last date they, defendants (appellees), could afford to pay plaintiff (appellant), more;" that appellant entered into the employment under the agreement aforesaid and continued to work for said appellees up to and until the 31st day of October, 1890; that during said time appellees paid appellant sums of money of sufficient amount to fully pay appellant, at the rate of $25.00 per month, for all the time he so worked under said agreement; that appellant's services were worth the sum of $50.00 per month from January 1st, 1887, to October 1st, 1891, and that under said agreement aforesaid, appellant demands judgment against appellees for the difference between the sum of $25.00 per month and the sum of $50.00 per month, from January 1, 1887 to October 1, 1891.

It will be seen by the complaint that appellant acknowledges the receipt of wages for the entire time which he worked, for appellees at the rate of $25.00 per month. The question is, does the agreement as set up in the complaint make it binding on appellees to pay any greater compensation to appellant after January 1, 1887? The complaint does not aver that appellees ever agreed to pay appellant an increase of wages after January 1, 1887, or at any time; it only avers that appellees said, that after that time they "could

afford to pay him more." When that time came it appears that no new agreement was entered into, appellant was not demanding an increase of wages, but continued to work under the agreement of October 1, 1886, and received his wages at the rate of $25.00 per month for a period of more than three consecutive years. If the matter of an increase of wages was ever mentioned by the appellant to appellees during this time, it does not so appear by the complaint.

The complaint does not state sufficient facts to justify any court in holding that there was a contract or agreement between appellant and appellees that appellant's wages was to be increased after January 1, 1887. The essential elements of an agreement were entirely absent—the promise of service upon one side, and the agreement to pay upon the other. It required both parties to make a contract; it is nowhere shown or attempted to be shown that the minds of the two contracting parties ever met upon the vital proposition in the case—the increase of wages.

This is not a case of suit upon the *quantum meruit.* There can be no doubt but that if appellant had entered the service of appellees without any agreement as to the wages to be paid him, he could in an action against them, have recovered the reasonable value of his services under all the circumstances; but, having entered the service of appellees, at wages fixed at $25 per month by agreement between them, which compensation the appellant nowhere avers in his complaint was ever by agreement changed in any way, he cannot now be heard to complain because his labor at some time during the time he was employed to work for appellees may have become reasonably worth more than the stipulated price. The principles necessarily stated in the decision of this case are elementary and the citation of authorities is unneces-

sary. The complaint does not state a cause of action and the judgment of the lower court must be affirmed. Judgment affirmed.